IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAVID A. ANDERSON                                                      PETITIONER

v.                    NO. 4:23-cv-00842 BRW/PSH

DEXTER PAYNE, Director,
Arkansas Division of Correction ("ADC")                                RESPONDENT

## ORDER

Petitioner David A. Anderson ("Anderson") began this case by filing a motion for leave to proceed in forma pauperis ("IFP") and a pleading that he represented to be a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The Court denied his IFP motion and Anderson subsequently paid the $5 filing fee for a habeas case. The petition was served on respondent Dexter Payne, who argues, among other things, that Anderson fails to state a cognizable habeas corpus claim. Liberally construing his pro se petition, he represents that he was denied due process when convicted of a July 2023 disciplinary charge. For relief, Anderson requests a return to general population or restrictive housing and restoration of his Class 1 status.

In Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996), the Court of Appeals had the occasion to explain the difference between a habeas corpus action and one brought pursuant to the civil rights statutes. The Court of Appeals explained the difference in the following manner:

> In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a 42 U.S.C. 1983 claim. The prisoner's label cannot be controlling. See id. at 489–90, 93 S.Ct. at 1836–37. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484, 93 S.Ct. at 1833. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. See id. at 499, 93 S.Ct. at 1841. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ. ...

See also Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014) (citing and applying Kruger).

Here, Anderson does not challenge the validity of his conviction or the length of his detention. He instead challenges the process afforded him in the disciplinary proceedings and seeks a change in this Class status. Given the nature of the relief he seeks, the Court is not convinced that it

has the power or subject matter jurisdiction to issue a writ, and this case cannot proceed as one pursuant to 28 U.S.C. 2254.

What, then, should happen next in this case? In <u>Spencer v. Haynes</u>, the United States Court of Appeals for the Eighth Circuit held that, where a petitioner has improperly raised a "potentially viable" condition-of-confinement claim in a habeas corpus proceeding, the Court should "recharacterize the claim into the correct procedural vehicle" instead of dismissing the case for lack of jurisdiction. <u>See</u> <u>Gordon v. Cain</u>, No. 2:17-cv-00114-KGB-JTK, 2018 WL 8786163, 2, (E.D. Ark. July 30, 2018), report and recommendation adopted, No. 2:17-cv-00114-KGB, 2019 WL 3059849 (E.D. Ark. July 11, 2019). Before recharacterizing the claim, though, the Court should obtain the petitioner's consent.

The Court finds that Anderson has raised a "potentially viable" condition-of-confinement claim, which can only be raised in a complaint pursuant to 42 U.S.C. 1983. In accordance with <u>Spencer v. Haynes</u>, the Court orders the following:

1) Should Anderson elect to convert the case to a case pursuant to 42 U.S.C. 1983 then the Court may revisit the issue of his IFP status and its effect on the payment of the filing fee;

2) He is given up to, and including, December 1, 2023, to notify the Court of his desire to convert this case from one pursuant to 28 U.S.C. 2254 to one pursuant to 42 U.S.C. 1983. He shall make his desire known by filing a simple statement of his consent.

3) If Anderson elects to convert this case to one pursuant to 42 U.S.C. 1983, he should be aware that he must comply with the filing fee requirements for prisoner cases, which require paying the full $402 filing fee (this fee will increase to $405 on December 1, 2023).  If he obtains permission to proceed in forma pauperis, though, he need only pay a $350 filing fee, and it may be paid in installments.

4) In the event Anderson declines to consent to convert this case to one pursuant to 42 U.S.C. 1983, or otherwise fails to notify the Court by December 1, 2023, of his desire to convert this case to one pursuant to 42 U.S.C. 1983, the Court will recommend that this case be dismissed because his claim is outside the scope of 28 U.S.C. 2254.

5) Anderson is notified of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he is directed to Local Rule 5.5(c)(2), which provides the following:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 1st day of November, 2023.

_____
UNITED STATES MAGISTRATE JUDGE