IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVID A. ANDERSON**                                                              **PETITIONER**

V.                           No. 4:23-cv-00842 BRW/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Corrections ("ADC")**                          **RESPONDENT**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

David A. Anderson ("Anderson") initiated this lawsuit by filing a petition that he styled as one for habeas corpus relief pursuant to 18 U.S.C. § 2254 (Doc. No. 2). Respondent Dexter Payne ("Payne") countered that the petition was not a cognizable habeas corpus petition. Instead, Payne argued that Anderson's claim of denial of due process in connection with a July 2023 disciplinary court conviction

is properly brought as a civil rights case pursuant to 42 U.S.C. § 1983 (Doc. No. 13).

In an Order entered November 1, 2023, the Court advised Anderson that his allegations were cognizable only in a complaint filed pursuant to 42 U.S.C. § 1983 because he did not challenge the validity of his conviction or the length of his detention, citing *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014), *Kruger v. Erickson*, 77 F.3d 1071 (8th Cir. 1996), and *Preiser v. Rodriguez*, 411 U.S. 475 (1973). See Doc. No. 15 at 2.

Citing *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014), Anderson was informed of his opportunity to convert his lawsuit to a section 1983 civil rights case. He was given until December 1, 2023 to notify the Court of his desire to convert the case, to be evidenced by filing a simple statement of his consent. Doc. No. 15 at 3-4. He was further informed that "[i]n the event Anderson declines to consent to convert this case to one pursuant to 42 U.S.C. 1983, or otherwise fails to notify the Court by December 1, 2023, of his desire to convert this case to one pursuant to 42 U.S.C. 1983, the Court will recommend that this case be dismissed because his claim is outside the scope of 28 U.S.C. 2254." Doc. No. 15 at 4.

Following the entry of the November 1 Order, Anderson submitted three pleadings. First, he filed "Objections" where he reiterated the merits of his claims regarding the conditions of his confinement, including his complaints about his

housing assignment and classification. Doc. No. 16. Next, he filed a "Notice" in which he complained that the Arkansas Department of Correction is failing to follow policies and procedures regarding delivery of legal mail and access to notary services. Doc. No. 17. And finally, in his "Motion for Order" filed on November 14, Anderson contended his claims are indeed cognizable in a habeas corpus proceeding.[1] Doc. No. 19.

Anderson has not indicated that he wants to convert this case to one pursuant to 42 U.S.C. § 1983, nor has he submitted an amended complaint to that effect. Due to his failure to properly respond to the Court's directions, the Court recommends that the case be dismissed without prejudice to Anderson later seeking relief.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no

---

[1] According to Anderson, *Johnson v. Avery*, 252 F.Supp. 783 (M.D. Tenn. 1966) supports his position that his claims can be properly advanced in a habeas corpus petition. *Johnson*, which reached the U.S. Supreme Court (*Johnson v. Avery*, 393 U.S. 483 (1969)) does not reach so far. Although some Circuits greenlight conditions-of-confinement claims in habeas cases, the Eighth Circuit does not. Footnote six in *Spencer v. Haynes, supra*, thoroughly discusses this issue, noting the Circuit split and citing *Aamer v. Obama*, 742 F.3d 1023 (D.C. Cir. 2014) as an example of a Circuit approving habeas as a forum for conditions-of-confinement claims, as well as an excellent overview of the issue.

issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, it recommends that the certificate of appealability be denied.

IT IS SO RECOMMENDED this 18th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE